UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

_____

**MEDITERRANEAN SHIPPING COMPANY (CANADA) INC., as agent for the carrier, MEDITERRANEAN SHIPPING COMPANY S.A.** :

        Plaintiff, :

vs. :

**BEACON LOGISTICS LLC** :    **CIVIL COMPLAINT**
:    **CONTRACT**

        Defendant(s). :
_____X

    Plaintiff, Mediterranean Shipping Company (Canada) Inc., as agent for MSC Mediterranean Shipping Company S.A., by its attorney, Bryan D. Press, Esq., as and for its Complaint against defendant(s), Beacon Logistics LLC, in personam, in a cause of action civil and maritime, alleges upon information and belief:

## JURISDICTIONAL ALLEGATIONS

1. This matter is for demurrage, port fees and per diems, which brings this matter under admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§1333.

## VENUE

1. This Court has venue over this matter because defendant(s) resides and/or do business in international ocean freight within the United States of America, and/or, the contract(s) herein, in whole or in part, between the parties is governed by the laws of the United States of America.

## PARTIES

1. At all times hereinafter mentioned, plaintiff, Mediterranean Shipping Company

(Canada) Inc., as agent for MSC Mediterranean Shipping Company S.A., was and still is a corporation duly organized and existing under the laws of the Dominion of Canada with offices and a principal place of business at 7 rue Saint-Jacques, Montréal QC H2Y 1K9, Canada.

2. Upon information and belief and at all times hereinafter mentioned, defendant, Beacon Logistics LLC, was and is a corporation of the State of New Jersey, with a principal place of business at 33 Wood Avenue South, Suite 600, Iselin, New Jersey 08830.

3. Defendant is a bonded NVOCC as defined in 46 CFR 515.2 (K), and licensed by the Federal Maritime Commission. The definition refers to the transportation by water of cargo between the United States and a foreign country for compensation without operating the vessels by which the transportation is provided. Defendant acted as such in the transaction hereinquestion. Defendant holds itself out as being experienced in ocean freight transactions, and is or should be cognizant of the duties that attach to being named as a party "Merchant" to a Bill of Lading.

### FIRST COUNT

1. Plaintiff repeats and realleges each and every material fact and allegation contained in the preceding paragraphs, as if fully set forth herein verbatim.

2. The defendant, by and through its New Jersey office, booked freight to be shipped on board on or about October 5, 2019, October 18, 2019, and November 6, 2019, respectfully. Certain goods belonging to defendant(s) and/or its nominee(s) and/or its consignee(s) and/or its customer(s) were delivered to plaintiff who arranged and assumed common carrier responsibility to dray, load, pack and transport the goods to the port(s) of destination designated by defendant(s) pursuant to the bill(s) of lading contract(s) of carriage entered between plaintiff and defendant(s). Pursuant to the terms and conditions of the bill(s) of lading contract(s) of carriage,

defendant is a Merchant. True and correct copies of the bill(s) of lading contract(s) of carriage, and terms and conditions thereof, including terms requiring payment to the Carrier's agent in New York, to wit, Mediterranean Shipping Company (USA) Inc., are annexed hereto as Exhibit "A".

3. Upon information and belief, defendant(s) was and is acting as a Non-Vessel Operating Common Carrier ("NVOCC") and/or Ocean Transportation Intermediary ("OTI") as defined in 46 CFR 512.5 as to these shipments under the bill(s) of lading contract(s) of carriage attached hereto as Exhibit "A", and, acted at all times relevant as the shipper to plaintiff's bill(s) of lading contract(s) of carriage, and as such, agreed to pay all freight, drayage, loading, accessorial, and other charges incident to the transportation of defendant(s)' and/or its nominee(s)' goods to their ultimate destination(s).

4. Upon information and belief, plaintiff's bill(s) of lading contract(s) of carriage served as defendant(s)' document(s) of title, receipt(s) of the goods transported by plaintiff, and contract(s) of carriage between plaintiff and defendant(s).

5. Upon information and belief, defendant(s)' goods were transported to defendant(s) at the port(s) of destination and defendant(s) received payment for its goods.

6. Due to the defendant(s)' and/or its nominee(s) and/or its consignee(s) and/or its customer(s)' failure to retrieve the goods from the ports of destination, defendant(s) is(are) responsible for all port fees, detention charges, accessorial charges and dunnage, pursuant to the bill(s) of lading contract(s) of carriage in the amount of $592,458.54. True and correct copies of the invoice(s) are annexed hereto as Exhibit "B".

7. Plaintiff has duly performed all duties and obligations required to be performed by plaintiff under the bill(s) of lading contract(s) of carriage.

8. Defendant(s) has(have) breached the terms of the bill(s) of lading contract(s) of carriage by failing and refusing to remit payment of $592,458.54 to plaintiff, although duly demanded.

9. The goods are still accruing charges to date due to the failure of the defendant and/or its customer(s) to pick up the containers and/or formally abandon the cargo - an action necessary for plaintiff to legally take possession of the goods for disposition. The sovereign has not moved to destroy or auction the cargo under a General Order.

9. By reason of the foregoing and of the failure and refusal of defendant(s) to remit payment, plaintiff has been damaged in the principal sum of $592,458.54, plus attorneys' fees and costs of suit as provided for under terms and conditions of the bill(s) of lading contract(s) of carriage, including, but not limited to Sections 3, 14, 17 and 20 (Viz Exhibit "A").

## SECOND COUNT

1. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

2. There is due from the defendant(s) the sum of $592,458.54, on a certain book account, a true copy of which is annexed hereto as Exhibit "B".

3. Payment of the aforesaid sum has been demanded and refused.

## THIRD COUNT

1. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

2. Plaintiff sues the defendant(s) for goods sold and delivered and/or services rendered by the plaintiff to defendant(s), upon the promise by the defendant(s) to pay the agreed

4

amount as set forth in Exhibits "A" and "B" annexed hereto.

   3. Payment has been demanded and refused.

## FOURTH COUNT

   1. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

   2. The plaintiff sues the defendant(s) for the reasonable value of goods sold and delivered and/or services rendered by the plaintiff to the defendant(s) upon the promise of the defendant(s) to pay a reasonable price for same, as set forth in Exhibits "A" and "B" annexed hereto.

   3. Payment of the aforesaid sum has been demanded and refused.

## FIFTH COUNT

   1. Plaintiff repeats and realleges each and every material fact and allegation set forth in the preceding paragraphs, as if fully set forth herein verbatim.

   2. The defendant(s), being indebted to the plaintiff in the sum of $592,458.54, upon account stated between them, did promise to pay the plaintiff said sum upon demand.

   3. Payment has been demanded and has not been made.

## DAMAGES

   1. By reason of the foregoing, plaintiff has sustained damages in the amount of $592,458.54, which, although duly demanded, have not been paid.

   WHEREFORE, plaintiff prays for:

   A. Judgment in favor of the plaintiff in the amount of plaintiff's damages of $592,458.54, together with interest thereon, as well as costs, disbursements and a reasonable attorney's fees;

   B. Judgment in favor of the plaintiff for punitive damages for breach of contract;

C.     That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant(s) citing it to appear and answer all the singular matters aforesaid;

D.     That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

**LAW OFFICES OF BRYAN D. PRESS**

BY:   */s/ BRYAN D. PRESS, ESQ.*
       BRYAN D. PRESS - BP0286
       Attorney for Plaintiff
       PO Box 246
       Fair Lawn, NJ  07410
       (201) 532-3477

Dated: August 15, 2022