**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MEDITERRANEAN SHIPPING COMPANY (CANADA) INC.

    Plaintiff,

v.                                                              Case No. 2:22-CV-05050-ES-JRA

BEACON LOGISTICS, LLC,

    Defendant.

_____/

**DEFENDANT'S, BEACON LOGISTICS, LLC, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT [D.E. 18]**

    Defendant, BEACON LOGISTICS, LLC (hereinafter "Beacon" and/or "Defendant"), by and through its undersigned counsel, and files its Answer, Affirmative Defenses, and Counterclaim in response to the allegations contained in Plaintiff's Amended Complaint [D.E. 18], and upon information and belief states as follows:

**JURISDICTIONAL ALLEGATIONS**

    1.     Defendant denies information or knowledge to form a belief as to the allegations of Paragraph 1.

**VENUE**

    1.     Defendant denies information or knowledge to form a belief as to the allegations of Paragraph 1.

**PARTIES**

    1.     Defendant denies information or knowledge to form a belief as to the allegations of Paragraph 1.

    2.     Admit.

    3.     Beacon admits NVOCC license. However, denies it was an NVOCC with respect

to the subject matter of the Complaint and denies all other allegations of Paragraph 3 as same call for legal conclusions.

## FIRST COUNT

1. Defendant repeats and realleges each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

2. Denied.

3. Denied as to NVOCC statutes for subject shipments and denies shippers status.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

9. Denied.

## SECOND COUNT

1. Defendant repeats and realleges each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

2. Denied.

3. Denied.

## THIRD COUNT

1. Defendant repeats and realleges each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

2. Denied.

3. Defendant denies information or knowledge to form a belief as to the allegations of Paragraph 3.

## FOURTH COUNT

1. Defendant repeats and realleges each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

2. Denied.

3. Defendant denies information or knowledge to form a belief as to the allegations of Paragraph 3.

## FIFTH COUNT

1. Defendant repeats and realleges each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

2. Denied.

3. Defendant denies information or knowledge to form a belief as to the allegations of Paragraph 3.

## DAMAGES

1. Denied.

## WHEREFORE CLAUSE

Defendant denies each and every allegation in Paragraph (a) through (d) of the Wherefore Clause in Plaintiff's Amended Complaint [D.E. 18].

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant would show that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted. Additionally, the Complaint fails to delineate sufficient specific factual

support of breaches of any transportation services agreements, or specific instances of breach of negligent conduct in violation of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) as to the instant Defendant.

**Second Affirmative Defense**

Defendant operates pursuant to Terms and Conditions of Service which precludes and limits its liability because at all times it acted as an agent for a disclosed principal, and claims right and entitlement to all limiting and exculpatory provisions therein and common law principles of agency law. Defendant reserves the right to supplement this defense when Plaintiff clarifies its theory of recovery.

**Third Affirmative Defense**

Defendant states that the damage sustained by Plaintiff, if any, resulted wholly and solely from the fault, neglect and want of care of Plaintiff or persons or parties other than Defendant, for whose acts said that Defendant is not liable or responsible and is not the result of any negligence, breach of contract, fault or want of care on the part of Defendant, who faithfully discharged all of their duties.

**Fourth Affirmative Defense**

Defendant would state that Plaintiff's claims are barred by the doctrines of waiver and estoppel because Plaintiff has failed to pursue remedies as per its bill of lading against the real parties in interest (Global Trademark Group and Dong A Plastic).

**Fifth Affirmative Defense**

Defendant states that the subject loss, if any, occurred due to the intervening, superseding, or concurring actions or inactions of third parties not under the control of Defendant, for which Defendant has no liability.

**Sixth Affirmative Defense**

Defendant also claims the right, entitlement and benefit to and of any and all liability limiting and exculpatory terms and conditions of other transportation intermediaries and/or logistics providers, whether parties or non-parties hereto.

**Seventh Affirmative Defense**

Defendant states that Plaintiff has failed to join necessary and indispensable parties to this matter.

**Eighth Affirmative Defense**

Defendant is entitled to all the benefits, protections, limitations and immunities contained in the applicable provisions of tariffs, contracts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties including but not limited to any applicable express liability limitation on the basis of $50.00 per shipment or $500.00 per package or customary freight unit under the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 et seq., (46 U.S.C.S. §30701 et seq.)

**Ninth Affirmative Defense**

Defendant would show as a defense that Plaintiff failed to provide with the proper and timely written notice of the claim for the damages alleged and/or Plaintiff's Complaint was not timely filed; therefore, Plaintiff's Complaint should be dismissed with the costs as Plaintiffs' claim is barred by statutory limitations and/or contractual limitations periods.

**Tenth Affirmative Defense**

Defendant asserts all defenses under its contract with the shipper and/or consignee including but not limited to breach of warranty on the part of the Plaintiff; limitations of liability,

5

notice of claim, and contractual time for suit provisions. Further invokes all indemnity provisions of the subject agreements arising out of Plaintiff's breach of warranty.

### Eleventh Affirmative Defense

If there was any loss as alleged in the Complaint, which is denied, such loss or damage arose or resulted from Plaintiff's failure to mitigate damages.

### Twelfth Affirmative Defense

At all times, Defendant was an agent for a disclosed principal and as such is not liable for subject claims.

### Thirteenth Affirmative Defense

At all times, Defendant was an Ocean Freight Forwarder and as such was not a merchant within the meaning of the contract sued upon by Plaintiff.

### Fourteenth Affirmative Defense

Plaintiff is barred pursuant to the doctrine of laches as it failed to pursue recovery against the real parties in interest.

### RESERVATION OF RIGHTS

Defendant reserves its right to modify and assert additional affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

**WHEREFORE**, for each of the reasons set forth above, Defendant respectfully requests that this Court enter an Order dismissing the Amended Complaint [D.E. 18] in its entirety, with prejudice, and with costs, disbursements and attorney's fees incurred in this action awarded to Defendant, and together with any other relief the Court deems just and proper.

## COUNTERCLAIM

**NOW COMES**, Defendant/Counterclaimant, BEACON LOGISTICS LLC (hereinafter referred to as "Beacon" and/or "Counterclaimant"), and for its Counterclaim against MEDITERRANEAN SHIPPING COMPANY (CANADA) INC., as agent for the carrier, MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter referred to as "MSC" and/or "Counterclaim-Defendant"), states and alleges as follows:

## JURISDICTION AND VENUE

1. This Counterclaim is asserted under Rule 13 of the Federal Rules of Civil Procedure, and also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. § 2201. Further, this Court has subject matter jurisdiction over this action pursuant to pursuant to 28 U.S.C. § 1333 because this is a matter under admiralty and maritime jurisdiction.

2. Venue properly lies within this district pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or omission giving rise to the claims occurred in this district.

3. This Court has personal jurisdiction over Plaintiff because Plaintiff has maintained the instant action in this Court.

4. Based on the Complaint filed by Plaintiffs, there exists an actual and justiciable controversy between Beacon and Plaintiffs with respect to the transactions and occurrences set forth therein, and as more specifically set forth in the instant Counterclaim.

5. All conditions precedent to bringing this counterclaim have been performed, excused, or waived.

## PARTIES

6. Beacon Logistics LLC is a limited liability company in the State of New Jersey, with a principal place of business at 33 Wood Avenue South, Suite 600, Iselin, New Jersey 08830.

7. Upon information and belief, and as alleged in the Amended Complaint, Mediterranean Shipping Company (Canada) Inc., as agent for MSC Mediterranean Shipping Company S.A., is a corporation duly organized and existing under the laws of the Dominion of Canada with offices and a principal place of business at 7 rue Saint-Jacques, Montreal QC H2Y 1K9, Canada.

## FACTUAL ALLEGATIONS

8. The instant action arises out of a series of international shipments. MSC instituted the instant action as against Beacon as a Merchant under the applicable bills of lading and alleging damages arising from certain demurrage charges and fees for the subject shipments.

9. The subject transactions and occurrences are set forth in the bills of lading and terms and conditions attached to Plaintiff's Amended Complaint [D.E. 18].

10. MSC has interposed claims against Beacon that Beacon is a party "Merchant" to the bill of lading, which Beacon denies and seeks declaratory relief concerning this issue.

11. Pursuant to the MSC bill of lading, Merchant is defined as follows:

> **1. Definitions.**
>
> Merchant: includes the Shipper, Consignee, holder of this Bill of Lading, the receiver of the Goods and any Person owning, entitled to or claiming the possession of the Goods or of this Bill of Lading or anyone acting on behalf of this Person.

12. Beacon is identified on the applicable bills of lading "as agent for Global Trademark Group Corp." Further, Beacon is identified as the Forwarding Agent on the applicable bills of lading.

13. As such, Beach is not defined as the shipper and/or consignee under the bill of lading, and thus, does not meet the definition of Merchant under the bill of lading terms and conditions.

14. Thus, Plaintiff's claims are barred in whole or in part as Beacon does not fall within the definition or scope of Merchant on the bills of lading and terms and conditions, and Plaintiff's claim must be dismissed.

## COUNT I
### (Declaratory Relief)

15. Beacon incorporates by reference the allegations set forth above in paragraphs 1 through 14 as if expressly set forth herein.

16. An actual controversy exists between Plaintiffs/Counter-Defendants and Beacon as to the application and enforceability of the subject terms and conditions, and whether same bar in whole or in part the claims which have been interposed by Plaintiffs/Counter-Defendants as against Beacon.

17. As set forth herein, MSC brings the instant action against Beacon as a Merchant under the bill of lading.

> **1. Definitions.**
>
> Merchant: includes the Shipper, Consignee, holder of this Bill of Lading, the receiver of the Goods and any Person owning, entitled to or claiming the possession of the Goods or of this Bill of Lading or anyone acting on behalf of this Person.

18. However, Beacon is an agent for a disclosed principal on the bill of lading and is not otherwise the shipper or consignee. Beacon asserts that the definition of Merchant in Plaintiff's bill of lading is vague, ambiguous, overbroad, and thus unenforceable. Plaintiff's attempt to ensnare all "agents for a disclosed principal" to be included in its definition of "Merchant" violates well settled principles of agency law and thus is unenforceable.

19. Beacon seeks declaratory relief for this Court to find that Plaintiff's definition of Merchant cannot include an agent for a disclosed principal and if Plaintiff intended to ensnare an agent for a disclosed principal within its definition of Merchant, Plaintiff was required to incorporate an agent for a disclosed principal within the definition of Merchant, failing which the Plaintiff's definition of Merchant must be stricken for the bill of lading and Plaintiff's claims must be dismissed.

20. Beacon also seeks declaratory relief claiming that since it was listed "forwarding agent" on the bill of lading and agent for a disclosed principal, its inclusion in the definition of Merchant is unenforceable as no party entering into the bill of lading as forwarding agent and an agent for a disclosed principal could ever be intended to be held responsible and/or liable for the actions, omissions, or breach of contract of a disclosed principal.

21. Thus, Beacon is not a Merchant under the MSC bill of lading terms and conditions, and MSC's claims are barred in whole or in part.

22. Beacon desires a judicial determination and declaration that Beacon does not meet the definition of Merchant on the MSC bill of lading terms and conditions, the definition violates legal principles of agency law, and that this determination is binding upon Plaintiffs/Counter-Defendants with respect to the transactions and occurrences giving rise to the instant action.

23. Beacon therefore respectfully seeks judgment as set forth herein, including that Beacon does not meet the definition of a Merchant under the applicable bills of lading and terms and conditions.

**WHEREFORE**, Counterclaimant, BEACON LOGISTICS LLC, prays for declaratory relief set forth herein as against Counterclaim-Defendant, MEDITERRANEAN SHIPPING COMPANY (CANADA) INC., as agent for the carrier, MEDITERRANEAN SHIPPING

COMPANY S.A., along with costs of this action, including reasonably attorney's fees, and for such other relief as the Court may deem just and appropriate under the circumstances.

Dated: May 5, 2023							Respectfully submitted,

**SPECTOR RUBIN, P.A.**

By: */s/ Troy Geisser*
Troy H. Geisser (001211990)
3250 Mary Street, Suite 405
Miami, Florida 33133
11 Broadway, Suite 615
New York, New York 10004
Tel: 305.537.2000
Tel: 201.868.4676
Email: troy.geisser@spectorrubin.com

***Attorneys for Defendant,
Beacon Logistics LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on May 5, 2023, via the Court's CM/ECF system, which shall notify all parties of record.

**SPECTOR RUBIN, P.A.**

By:	*/s/ Troy Geisser*
Troy H. Geisser, Esq.