<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MEDITERRANEAN SHIPPING COMPANY (CANADA) INC., <br><br> *Plaintiff*, <br><br> v. <br><br> BEACON LOGISTICS, LLC, <br><br> *Defendant*. | Civil Action No. 22-05050 <br><br> **OPINION & ORDER** <br><br> December 23, 2025 |

**THIS MATTER** comes before the Court on Plaintiff Mediterranean Shipping Company (Canada) Inc. as agent for Mediterranean Shipping Company S.A.'s ("Plaintiff") motion to enter judgment on default of stipulation of settlement against Defendant Beacon Logistics, LLC ("Defendant") pursuant to a settlement agreement between the parties. (ECF 54, "Motion.") The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion is **GRANTED.**

  **I.**  <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

This is a maritime action arising from Defendant's alleged failure to retrieve goods from the ports of destination that Plaintiff had transported as a common carrier. (ECF 21, Amended Complaint, Count 1, ¶¶ 2, 6, 8.) Plaintiff demanded damages in the amount of $633,798.54, as well as interest, costs, disbursements, and reasonable attorney's fees, and punitive damages. (*Id.*, Damages, ¶ 1.)

On June 28, 2024, the parties filed a stipulation of settlement. (ECF 52.) On July 1, 2024, the undersigned so-ordered the Stipulation of Settlement. (ECF 53, "Stipulation of Settlement.") The Stipulation of Settlement required Defendant to pay Plaintiff a sum of $150,000 on the following schedule: $25,000.00 due on or before July 1, 2024 and $25,000.00 due every two months thereafter on or before the first day of each of those months, or September 1, 2024; November 1, 2024; January 1, 2025; March 1, 2025; and, May 1, 2025 (the "Settlement Payments"). (Stipulation of Settlement ¶ 2.) Defendant also agreed to pay $6,450.00 pertaining to unpaid ocean freight charges within 30 days of the execution of the Stipulation of Settlement. (*Id.* ¶ 4.) Per the Stipulation of Settlement, if Defendant failed to make any of the Settlement Payments by the due date, Plaintiff's counsel was required to provide email notice of default to Defendant's counsel, and Defendant would have ten days to cure the default. (*Id.* ¶ 6.) Paragraph 7 of the Stipulation of Settlement states:

> In the event that Defendant still fails to make any of the Settlement Payments due pursuant to the Stipulation of Settlement after notice of default as explained above, Plaintiff may enter judgment against Defendant in the amount of $300,000.00 US minus credit for any payments made pursuant to this Stipulation of Settlement, plus court costs. (*Id.* ¶ 7, the "Default Provision".)

Paragraph 14 of the Stipulation of Settlement states that this case shall be dismissed with prejudice "[u]pon payment being made in full as set forth herein." (*Id.* ¶ 14.) The Stipulation of Settlement was signed by the Plaintiff's attorney and Defendant's attorney on behalf of the parties on June 27, 2024, and June 28, 2024, respectively. (*Id.* at 4.)

On March 10, 2025, Plaintiff moved to enter judgment against Defendant for $218,550.00 plus court costs on default of a Stipulation of Settlement.[1] (ECF 54-1, "Certification of Rick A. Steinberg in Support of Motion to Enter Judgment on Default of Stipulation of Settlement," ¶ 2.)

---

[1] Although styled as a "Motion to Enter Judgment on Default of Stipulation of Settlement," the Court finds that the motion is more accurately characterized as a motion to enforce the parties' Stipulation of Settlement.

2

Plaintiff's counsel represents to the Court that "Defendant made the $25,000.00 [Settlement Payments] for July 1, 2024, September 1, 2024 and November 1, 2024, as well as the separate payment of $6,450.00, for a total paid pursuant to the Stipulation of Settlement of $81,450.00," but did not make the payments that were due on January 1, 2025 or March 1, 2025. (*Id.* ¶ 6.) Plaintiff's counsel sent "numerous emails to Defendant and its counsel" advising of the January 1, 2025 and March 1, 2025 default, but Defendant failed to cure the default. (*Id.* ¶ 8.) Pursuant to paragraph 7 of the Stipulation of Settlement, Plaintiff seeks entry of judgment in the amount of $218,550.00 plus court costs, which represents $300,000.00 less the payments of $81,450.00 already made. (*Id.* ¶ 10.)

On March 24, 2025, Defendant filed a brief in opposition to the Motion. (ECF 55.) Defendant argues that the Court should enforce the Stipulation of Settlement's requirements for payments, and that the Defendant has been making payments in good faith "in response to the language and intent of the [Settlement] Agreement." (*Id.* at 3.) By certification, Defendant member Devarshi Upadhyaya stated that "due to some serious family health issues and business liquidation issues, we were delayed in making payments," but that Defendant "will be making a payment of $40,000.00 before the date of this motion which would make all outstanding payment up to date." (55-1, "Certification of Devarshi Upadhyaya," ¶¶ 5-6.) Defendant agreed that it made the $25,000.00 Settlement Payments for July 2024, September 2024 and November 2024, as well as the separate payment of $6,450.00 in July 2024, but represented that it had also made a $10,000.00 payment in February 2025. (*Id.* ¶ 4.)

On March 31, 2025, Plaintiff filed a reply brief in further support of its Motion. By certification, counsel for Plaintiff represented that Plaintiff did not receive the $10,000 February 2025 payment that Defendant asserted it had made. (ECF 56, "Certification of Rick A. Steinberg

3

in Further Support of Motion to Enter Judgment on Default of Stipulation of Settlement," ¶ 3.) Plaintiff's counsel further stated that the Stipulation of Settlement "arose out of a multi-hour, in person settlement conference with counsel and their clients" and that the Default Provision was "discussed at length and vigorously negotiated by the two parties." (*Id.* ¶ 5.)

By supplemental submission made on December 9, 2025, Plaintiff's counsel informed the Court that Defendant had made one further payment of $10,000 on April 3, 2025. (ECF 60, "Supplemental Certification of Rick A. Steinberg in Support of Motion to Enter Judgment on Default of Stipulation of Settlement," ¶ 3.)

## II.     LEGAL STANDARD

A district court has jurisdiction to enforce a settlement agreement following the dismissal of an action if "(1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2) there is an independent basis for federal jurisdiction." *Guiuan v. Villaflor*, 544 Fed. App'x 64, 65 (3d. Cir. 2013) (citing *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994)).  Once jurisdiction has been established, courts in the Third Circuit "treat a motion to enforce settlement under the same standard of review as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement." *Laverick v. Addiego*, No. 14-3443, 2020 WL 3546807, at *2 (D.N.J. June 30, 2020) (citations omitted).

Courts grant motions to enforce settlement "when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law." *McKeon v. City of Asbury Park*, No. 19-8536, 2020 WL 5747886, at *4 (D.N.J. Sept. 25, 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Material facts are those facts "that might affect the outcome of the suit under the governing law[.]"

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted).

A settlement agreement between parties in a lawsuit is a contract and is therefore governed by state contract law. *See Jacob's Limousine Transp., Inc. v. City of Newark*, 688 F. App'x 150, 151 (3d Cir. 2017). "New Jersey law provides that 'where the terms of a contract are clear or unambiguous. . . courts must enforce those terms as written.'" *Agnes ex rel. Agnes v. E.I. Du Pont Nemours & Co.*, No. 98-1405, 2011 WL 1322043, at *5 (D.N.J. Mar. 31, 2011) (quoting *Impink ex rel. Baldi v. Reynes*, 935 A.2d 808, 812 (N.J. Super. Ct. App. Div. 2007)). Additionally, in New Jersey, there is a strong public policy in favor of settlements. *See Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990). "Courts will therefore 'strain to give effect to the terms of a settlement wherever possible.'" *McDonnell v. Engine Distribs.*, No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007), *aff'd*, 314 F. App'x 509 (3d Cir. 2009) (quoting *Dep't of Pub. Advoc., Div. of Rate Couns. v. N.J. Bd. of Pub. Utils.*, 503 A.2d 331, 333 (N.J. Super. Ct. App. Div. 1985)).

## III. ANALYSIS

As a threshold matter, the Court finds that jurisdiction exists because this Court so-ordered the Stipulation of Settlement, which also states that this case shall be dismissed with prejudice "[u]pon payment being made in full" as set forth in the Stipulation of Settlement. (*See* ECF 53.)[2] *See Swift v. Pandey*, No. 13-00650, 2025 WL 303945, at *4 (D.N.J. Jan. 27, 2025) (quoting *Sawka*

---

[2] There is also an independent basis of federal diversity jurisdiction under 20 U.S.C. § 1332 to enforce the settlement agreement. The parties are diverse and the amount in controversy is met. *See* ECF 21 (Amended Complaint), Parties, ¶ 1-2; ECF 53.)

*v. Healtheast, Inc.*, 989 F.2d 138, 141 (3d Cir. 1993)) ("A district court may exercise jurisdiction over a petition to enforce a settlement if a settlement is 'part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction.'").

Applying the foregoing standard, the Court finds that Plaintiff has carried its burden of showing that the parties entered into a valid and enforceable agreement to settle this action. The parties do not dispute that they agreed to the settlement terms as provided in the Stipulation of Settlement. (*See* Opp. at 3.) Defendant argues only that the parties "inten[ded] that full force was to be given to [the Stipulation of Settlement's] terms and conditions." (*Id.*) Defendant appears to argue that the Court should not enter judgment for any more than $156,450.00, the amounts delineated in paragraphs 2 and 4 of the Stipulation of Settlement. (*See id.*; Stipulation of Settlement ¶¶ 2, 4.) However, Defendant has not submitted any evidence to raise a genuine issue of material fact as to the validity of the Default Provision.[3] Under the Stipulation of Settlement, if Defendant defaults, which it admits it did (*see* Certification of Devarshi Upadhyaya ¶ 5), it must pay $300,000.00 less any payments already made. (Stipulation of Settlement ¶ 7.) The terms of the Stipulation of Settlement, including the Default Provision, are "clear" and "unambiguous," *Agnes ex rel. Agnes*, 2011 WL 1322043, at *5, and the Court will therefore enforce them as written. Additionally, there is also no evidence of "coercion, deception, fraud, undue pressure, or unseemly conduct" that would render the Stipulation of Settlement unenforceable. *Fogarty v. Household Fin. Corp. III*, No. 14-4525, 2018 WL 4039506, at *7 (D.N.J. June 28, 2018), *report and recommendation adopted sub nom. Fogarty v. Household Fin. Corp.*, No. 14-4525, 2018 WL

---

[3] "Where material facts concerning the existence or terms of an agreement are in dispute, the parties must be allowed an evidentiary hearing." *See Tedesco Mfg. Co. v. Honeywell Int'l Inc.*, 371 F. App'x 316, 319 (3d Cir. 2010) (quoting *Saudi Basic Inds. v. Exxon Corp.*, 364 F.3d 106, 113 (3d Cir. 2004)). The only disputed fact here is whether Defendant paid $10,000.00 in February 2025 or April 2025. However, that fact is not material, since the parties agree on the total amount paid and agree that Defendant is in default. (*See* Mot.; Opp.)

4031064 (D.N.J. Aug. 22, 2018) (quoting *Kaur v. Assured Lending Corp.*, 965 A.2d 203, 208 (N.J. Super. Ct. App. Div. 2009)).

Because there is no genuine issue of material fact as to the validity of the Stipulation of Settlement, and in light of the strong public policy favoring enforcement of settlement agreements, Plaintiff's Motion is granted.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to enter judgment against Defendant pursuant to the Stipulation of Settlement is **GRANTED**. Plaintiff is entitled to judgment in the amount of $300,000.00 less any payments Defendant already made under the Stipulation of Settlement, plus court costs.

Accordingly, **IT IS** on this 23rd day of December 2025,

**ORDERED** that Plaintiff's motion to enter judgment against Defendant Beacon Logistics, LLC pursuant to the Stipulation of Settlement (ECF 54) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is entitled to $208,550.00 under the Stipulation of Settlement, which reflects $300,000.00 less payments Defendant has already made under the Stipulation of Settlement; and that Plaintiff is also entitled to court costs; and it is further

**ORDERED** that the Court shall retain jurisdiction over the enforcement of the Stipulation of Settlement until the case is closed.

**SO ORDERED**.

                                              */s/ Jamel K. Semper*
                                              **HON. JAMEL K. SEMPER**
                                              **United States District Judge**

Orig:   Clerk
cc:     José R. Almonte, U.S.M.J.
         Parties